## United States Bankruptcy Court
## Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br><br>Tri-State Paper, Inc.,<br><br>      Debtor. | Case No. 23-13237-pmm<br><br>Chapter 11 |
| Tri-State Paper, Inc.,<br><br>      Plaintiff,<br><br>      v.<br><br>Monika Ramirez,<br>John Does #1-2,<br><br>      Defendants. | Adversary No. 23-00090-pmm<br><br>Amends ECF No. 2 |

### Second Amended Complaint

**AND NOW**, Plaintiff Tri-State Paper, Inc., by and through its undersigned counsel, alleges the following upon information and belief:

### Parties

1.     Plaintiff Tri-State Paper, Inc. is the debtor in the above chapter 11 bankruptcy case and a corporation who is and was all relevant times domiciled in the state of Pennsylvania.

2.     Defendant Monika Ramirez is an individual who is and was at all relevant times domiciled at 421 Crane Ave., Compton, CA 90221.

3.     Upon information and belief, John Doe #1 is an individual who is and was at all relevant times domiciled in the State of Pennsylvania. His identity is currently unknown but will be added by appropriate amendment following discovery.

4.     Upon information and belief, John Doe #2 is an individual who is and was at all relevant times domiciled in the State of California. His identity is currently unknown but will be added by appropriate amendment following discovery.

**Jurisdiction and Venue**

5.       This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

6.       This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

7.       The Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 542 and Fed. R. Bankr. P. 7001(1).

8.       Venue is proper pursuant to 28 U.S.C. § 1409(a).

9.       The Plaintiff consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with U. S. Const. art. III.

**Facts**

10.       On or about May 13, 2022, the Plaintiff issued Check No. 8739 made payable to the order of State Farm Insurance in or about the amount of $1.00 from its Citizens Bank checking account #XXXXXX5759.

11.       Upon information and belief, on or about May 13, 2022, Defendant Doe #1 stole Check No. 8739 prior to its receipt by State Farm.

12.       On or about June 29, 2022, Defendant Doe #1 slid into Defendant Ramirez's direct messages on Instagram. In the message, Defendant Doe #1 offered to pay Defendant Ramirez $3,000.00 if she would allow him to deposit Check No. 8739 into her bank account and then allow him to withdraw $7,700.25.

13.       On or about June 29, 2022, Defendant Ramirez agreed to participate in Defendant Doe #1's scheme.

14.       Upon information and belief, Defendant Doe #1 then forged and altered Check No. 8739 by using chemicals to erase the legitimate payee and payable amount and then made it payable to Defendant Ramirez in the amount of $10,700.25.

15.       On or about June 29, 2022, Defendant Ramirez provided the username and password for her Bank of America checking account to Defendant Doe #1 for the purpose of depositing Check No. 8739.

16.     On or about June 29, 2022, Defendant Doe #1 fraudulently endorsed Check No. 8739 and deposited it into Defendant Ramirez's account using Bank of America's mobile app, with her authorization.

17.     On or about July 7, 2022, Defendant Doe #1 accessed Defendant Ramirez's online banking account and used Zelle to transfer $3,500.00 to his own bank account with Defendant Ramirez's authorization.

18.     Upon information and belief, on or about July 7, 2022, Defendant Doe #1 directed Defendant Doe #2 to meet Defendant Ramirez outside of a Bank of America branch in Orange County, California.

19.     On or about July 7, 2022, Defendant Doe #1 directed Defendant Ramirez to travel from her home in Los Angeles County, California to a Bank of America branch in Orange County for the purpose of withdrawing money from her account and giving it to Defendant Doe #2.

20.     On or about July 7, 2022, Defendant Ramirez did visit a Bank of America branch in Orange County and withdrew $7,000.00 from her account at a teller window. Then she met Defendant Doe #2 outside and gave him $6,000.00 upon his demand.

21.     A copy of the front and back of Check No. 8739 as it appeared when processed for payment by Citizens Bank is attached as Exhibit A.

22.     None of the Defendants are associated with the Plaintiff and were not entitled to payment of funds from the Plaintiff in any amount.

### Count 1
### Turnover of Property (11 U.S.C. § 542)

23.     The preceding paragraphs of this Complaint are incorporated by reference as if set forth at length herein.

24.     When the Plaintiff declared bankruptcy on October 27, 2023, the funds fraudulently obtained by the Defendants became property of the Plaintiff's bankruptcy estate.

25.     The Plaintiff demands turnover of the fraudfully obtained funds from the Defendants in the amount of $10,700.25 pursuant to 11 U.S.C. § 542.

## Count 2
## Conversion of Property

26.     The preceding paragraphs of this Complaint are incorporated by reference as if set forth at length herein.

27.     The Defendants deprived the Plaintiff of its right of property without the Plaintiff's consent and without lawful justification.

28.     Consequently, the Defendants are liable to the Plaintiff for conversion of property in the amount of $10,700.25.

## Request for Relief

**NOW, THEREFORE**, the Plaintiff requests entry of judgment against the Defendants in the amount of $10,700.25 plus attorney fees and costs, and for such other and further relief in its favor as may be necessary and proper under the law.


Date: December 12, 2023                    CIBIK LAW, P.C.
                                           *Counsel for Plaintiff*
                                             *Tri-State Paper, Inc.*

                                           By: /s/ Michael A. Cibik
                                           Michael A. Cibik (#23110)
                                           Michael I. Assad (#330937)
                                           E.J. Gruber (#334339)
                                           1500 Walnut Street, Suite 900
                                           Philadelphia, PA 19102
                                           215-735-1060
                                           mail@cibiklaw.com