# United States Bankruptcy Court
# Eastern District of Pennsylvania

| | |
|---|---|
| In re:<br>Tri-State Paper, Inc.,<br>　　　　Debtor. | Case No. 23-13237-pmm<br>Chapter 11 |
| Tri-State Paper, Inc.,<br>　　　　Plaintiff,<br>　　v.<br>Shawn P. Gelin,<br>John Does #1-2,<br>　　　　Defendants. | Adversary No. 23-00090-pmm<br>Amends ECF No. 2 |

**Third Amended Complaint**

**AND NOW**, Plaintiff Tri-State Paper, Inc., by and through its undersigned counsel, alleges the following upon information and belief:

**Parties**

1.　Plaintiff Tri-State Paper, Inc. is the debtor in the above chapter 11 bankruptcy case and a corporation who is and was all relevant times domiciled in the state of Pennsylvania.

2.　Upon information and belief, Defendant Shawn P. Gelin is an individual who is and was at all relevant times domiciled at 11748 143rd Street, Jamaica, NY 11436.

3.　Upon information and belief, John Doe #1 is an individual who is and was at all relevant times domiciled in the State of California. His identity is currently unknown but will be added by appropriate amendment following discovery.

4.　Upon information and belief, John Doe #2 is an individual who is and was at all relevant times domiciled in the State of California. His identity is currently unknown but will be added by appropriate amendment following discovery.

## Jurisdiction and Venue

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334.

6. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E).

7. The Plaintiff has standing to bring this action pursuant to 11 U.S.C. § 542 and Fed. R. Bankr. P. 7001(1).

8. Venue is proper pursuant to 28 U.S.C. § 1409(a).

9. The Plaintiff consents to the entry of a final order or judgment by the court if it is determined that the court, absent consent of the parties, cannot enter a final order or judgment consistent with U. S. Const. art. III.

## Facts

10. On or about May 13, 2022, the Plaintiff issued Check No. 8739 made payable to the order of State Farm Insurance in or about the amount of $1.00 from its Citizens Bank checking account #XXXXXX5759.

11. Upon information and belief, on or about May 13, 2022, Defendant Gelin stole Check No. 8739 prior to its receipt by State Farm.

12. On or about June 29, 2022, Defendant Gelin slid into Monika Ramirez's direct messages on Instagram. In the message, Defendant Gelin offered to pay Ms. Ramirez $3,000.00 if she would allow him to deposit Check No. 8739 into her bank account and then allow him to withdraw $7,700.25.

13. On or about June 29, 2022, Ms. Ramirez agreed to participate in Defendant Gelin's scheme.

14. Upon information and belief, Defendant Gelin then forged and altered Check No. 8739 by using chemicals to erase the legitimate payee and payable amount and then made it payable to Ms. Ramirez in the amount of $10,700.25.

15. On or about June 29, 2022, Ms. Ramirez provided the username and password for her Bank of America checking account to Defendant Gelin for the purpose of depositing Check No. 8739.

16. On or about June 29, 2022, Defendant Gelin fraudulently endorsed Check No. 8739 and deposited it into Ms. Ramirez's account using Bank of America's mobile app, with her authorization.

17. On or about July 7, 2022, Defendant Gelin accessed Ms. Ramirez's online banking account and used Zelle to transfer $3,500.00 to his personal TD Bank checking account #XXXXXX9835.

18. Upon information and belief, on or about July 7, 2022, Defendant Gelin directed Defendants Doe #1 and Doe #2 to meet Ms. Ramirez outside of a Bank of America branch in Orange County, California.

19. On or about July 7, 2022, Defendant Gelin directed Ms. Ramirez to travel from her home in Los Angeles County, California to a Bank of America branch in Orange County for the purpose of withdrawing money from her account and giving it to Defendants Doe #1 and Doe #2.

20. On or about July 7, 2022, Ms. Ramirez did visit a Bank of America branch in Orange County and withdrew $7,000.00 from her account at a teller window. Then she met Defendants Doe #1 and Doe #2 outside and gave them $6,000.00 upon their demand.

21. A copy of the front and back of Check No. 8739 as it appeared when processed for payment by Citizens Bank is attached as Exhibit A.

22. Ms. Ramirez, Defendant Gelin, and Defendants Doe #1 and Doe #2 were not associated with the Plaintiff and were not entitled to payment of funds from the Plaintiff in any amount.

**Count 1**
**Turnover of Property (11 U.S.C. § 542)**

23. The preceding paragraphs of this Complaint are incorporated by reference as if set forth at length herein.

24. When the Plaintiff declared bankruptcy on October 27, 2023, the funds fraudulently obtained by the Defendant Gelin and Defendants Doe #1 and Doe #2 became property of the Plaintiff's bankruptcy estate.

25. The Plaintiff demands turnover of the fraudfully obtained funds from the Defendants in the amount of $5,700.25 pursuant to 11 U.S.C. § 542.

## Count 2
## Conversion of Property

26. The preceding paragraphs of this Complaint are incorporated by reference as if set forth at length herein.

27. The Defendants deprived the Plaintiff of its right of property without the Plaintiff's consent and without lawful justification.

28. Consequently, the Defendants are liable to the Plaintiff for conversion of property in the amount of $5,700.25.

## Request for Relief

**NOW, THEREFORE**, the Plaintiff requests entry of judgment against the Defendants in the amount of $5,700.25 plus attorney fees and costs, and for such other and further relief in its favor as may be necessary and proper under the law.

Date: March 8, 2024

CIBIK LAW, P.C.
*Counsel for Plaintiff*
  *Tri-State Paper, Inc.*

By: /s/ Michael I. Assad
Michael A. Cibik (#23110)
Michael I. Assad (#330937)
E.J. Gruber (#334339)
1500 Walnut Street, Suite 900
Philadelphia, PA 19102
215-735-1060
mail@cibiklaw.com